IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAL E. FIZER | ) | CASE NO. 4:09CV2183 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | |
| | ) | |
| SARAH COHEN, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Cal E. Fizer ("Fizer"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, brought this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Michigan. On September 23, 2009, the Michigan court transferred this case on the ground that a § 2241 action must be filed in the district having jurisdiction over the petitioner's custodian. Since Fizer is incarcerated in Elkton, Ohio, the court ruled it lacked jurisdiction to hear his claim. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Fizer pled guilty to credit-card fraud, mail fraud, and aggravated identity theft in the United States District Court for the Eastern District of Michigan and was sentenced to forty-six to fifty-seven months of imprisonment. In his Petition, he alleges that he was unlawfully railroaded and convicted under a seventy-seven count indictment. He raises 13 claims for relief that are generally brought in under 28 U.S.C. § 2255.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposed sentence, rather than the court that happened to have jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the

crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Still, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The § 2255 remedy is not considered inadequate or ineffective, however, simply

because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Fizer is challenging the imposition of his conviction that occurred in the Eastern District of Michigan, not the execution or manner in which he serving his sentence. Generally, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt*, 2008 WL 2246360 * 2 (E.D. Ky., May 28, 2008)(citing *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Furthermore, there is no indication that a § 2255 motion is inadequate or ineffective to test the legality of his detention in order to bring a § 2241 action. Because Fizer labeled his action as arising under § 2241, the Michigan court transferred it to this district. Actually, this is a § 2255 Motion and should be filed in the United States District Court for the Eastern District of Michigan. Whether or not there is some impediment for that court to hear this case is not for this court to decide.[1]

---

[1] Whether or not Fizer has previously filed a §2255 Motion or the deadline for filing such Motion has passed is unknown. In any event, it does not allow the filing of a § 2241 action.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243.[2] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED**.**

Date: 10/22/09

**S/Peter C. Economus**
JUDGE PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

[2] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.

[3] 28 U.S.C. § 1915(a) (3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.